## THE BANK OF MOBILE v. WILLIAMS.

1. A recovery may be had upon the common counts in assumpsit, of a bank, for the value of notes of the bank, proved to have been destroyed, without an affidavit of the loss, previous to the institution of the suit.

Error to the Circuit Court of Mobile. Before the Hon. J. Bragg.

THIS was an action of assumpsit, at the suit of the defend-

ant in error.   The indorsement on the writ states the object of the suit to be, the recovery of seven hundred dollars— bills of the bank of Mobile, which were lost by the plaintiff, in the waters of Mobile and Alabama rivers, and which the defendant refuses to pay.   The plaintiff does not declare specially, but his declaration embraces the common counts in assumpsit.

From a bill of exceptions sealed at the defendant's instance, it appears that the defendant moved to strike out the declaration, because it did not conform to the cause of action indorsed on the writ ; which motion was overruled.

Plaintiff then offered a witness to prove, that he owned certain bills of the defendant, and that the same had been destroyed; to the introduction of this testimony defendant objected, upon the ground that there was no affidavit under the statute.   This objection was overruled.   Witness then testified that he was the bearer of a letter containing seven one hundred dollar bills of the Bank of Mobile, and one dollar and eighty-five cents in specie, the property of the plaintiff; that he accidentally dropped this letter in the Alabama river, while the steamboat on which he was a passenger was under way ; that the boat was stopped, but nothing more was ever seen of the letter.   Witness also proved a demand of the amount of these bills, made before this action was brought.

The court charged the jury, that it devolved on them to say, whether the bills were lost, so that they could never be presented for payment to the bank, and if they thus found, then they would return a verdict for the plaintiff.   A verdict was returned for the plaintiff, and judgment rendered accordingly.

P. PHILLIPS, for the plaintiff in error, insisted, that the declarations varied from the indorsement on the writ; that the action on lost notes or bills is given by statute, and the want of an affidavit of the loss cannot be dispensed with by declaring in *indebitatus assumpsit.*   Clay's Dig. 333, § 112 ; 382, § 9 ; 8th Rule of Prac. in Cir. and Co. Courts; 6 Ala. Rep. 842 ; 9 Id. 824.   The question as to the destruction of the

bills should have been decided by the court, and not referred to the jury. 16 Johns. Rep. 194; 20 Id. 144; 12 Conn. R. 392; 5 Id. 331; 8 Id. 431. But no action at law can be maintained on negotiable paper, which has been lost. 6 Esp. Rep. 126; 3 Camp. Rep. 324; 7 Mass. Rep. 486; 3 Conn. Rep. 303; unless it has been destroyed. 2 Camp. R. 211; 6 Wend. Rep. 378.

J. A. CAMPBELL, for the defendant in error. A party may recover on the common counts against the maker of a note of which he is the legal holder. 2 Porter's Rep. 308; 5 Id. 154; 7 Id. 454; 1 Ala. Rep. 452; 6 Wend. Rep. 378. And it is only necessary to file an affidavit of the loss where the party sues on the bills as lost. 9 Ala. Rep. 823. The evidence of loss was sufficient, and the question whether the bills were beyond recovery was regularly submitted to the jury. 4 Wash. C. C. Rep. 253; 8 Conn. R. 431; 6 Wend. Rep. 379; 2 N. & McC. Rep. 464.

COLLIER, C. J.—The indorsement of the cause of action on the writ was sufficiently broad to authorize any form of declaring under which the lost bills could be recovered. The statute of 1828, "regulating judicial proceedings," and which prescribes the manner in which lost notes, &c., may be sued on at law, it has been decided is merely cumulative, and that it is competent to proceed in such cases as the common law courts entertained jurisdiction of, without the previous affidavit: *Further*, that where the security lost was negotiable, either by indorsement or delivery, if it appeared that it was *destroyed*, so that the party liable to pay it, could never be called on by any third person, the party entitled could sue at law, and upon proper proof recover the amount. The Branch Bank of Mobile v. Tillman, at the last term; Hutchings's Adm'r v. The Branch Bank at Decatur, at this term.

The question, whether the bills were so lost that they could never be presented to the bank for payment, was certainly an inquiry of fact, and was referred to the jury in intelligible and appropriate terms. It was then competent for the plaintiff to have instituted his action in the form in

which he did, and upon the jury finding the facts in his favor, he was entitled to a verdict and judgment.

There is no want of adaptation of the declaration to the case made by the proof. If the bills were in existence, they could have been given in evidence under the common counts in *assumpsit*. This is abundantly shown by the citations made by the defendant in error. And their contents, title of the plaintiff, and irrecoverable loss, being shown, it is clear, that the plaintiff might recover under a similar declaration. What we have said is decisive of the cause, and it remains but to add, that the judgment must be affirmed.